13L 348
16L 690

The Chesapeake, Ohio & Southwestern Railroad Company *v.* The State of Tennessee *et al.*

Taxation. *Assessment.* Under act of 1879, ch. 79, property should be assessed at its value on the 10th January for any year. It seems that if property changes hands after 10th January, an assessment under act of 1879, ch. 79, in the name of the subsequent owner, would be valid, and fix a lien upon the property.

FROM LAUDERDALE.

Appeal in error from the Circuit Court of Lauderdale county. Thomas J. Flippin, J.

Steele & Steele for Railroad.

W. E. LYNN and JAMES OLDHAM for State.

FREEMAN, J., delivered the opinion of the court.

The contest in this case is on an assessment made by the County Trustee of Lauderdale county, on December 27, 1882, on the road-bed and franchise of the railroad company, on the ground that the same had not been before that time assessed. The assessment was on twenty-six miles of road, valued by the Trustee at $5,000 per mile, making an aggregate value of $130,000 on which the company is sought to be charged for State and county taxes. The State seems to have been dropped out of the case, and only the county assessment is now in contest.

Notice having been given to the agent of the railroad, a contest was had under the act of 1879, chapter 79, before the Chairman of the County Court, who modified the assessment, but gave judgment against the company. Thereupon a petition for *certiorari* and *supersedeas* was filed, and the case brought to the circuit court, where, on motion of defendant, the county, the petition was dismissed, and the company brings the case to this court by appeal.

The case made by the petition is as follows: "That while it now owns in Lauderdale county twenty-four miles of completed road, that said road-bed was only finished in July, 1882, and been operated from that time; that by law, property was required to be assessed on the 10th of January for the year 1882, and this company had only become owner of the road on the 26th of January, 1882—the road having been origi-

nally chartered in 1857–8 as the Mississippi River Railroad Company, and had changed hands (or names), several times, until it became the property of the present company at the time stated. That at the date for assessment of property for 1882—10th of January—petitioner did not own any localized property in Lauderdale county, nor did it own the road-bed, nor right of way until the 26th of January, 1882. That when it became the owner of the road it was not in operation, nor built in Lauderdale county, only part of the road-bed, about ten miles been thrown up. It is further stated, that petitioner, on the 10th of January, 1882, owned no property in Lauderdale county, except the releases from four or five land owners of right of way over their lands; not a mile of road finished or a single rail laid down, consequently no car or locomotive had ever been on the road in this county."

There are other matters stated intended to raise other questions, that need not be noticed at present. It is seen the question before us is the validity of the assessment made in December, 1882, by the Trustee, afterwards with modifications · by the Chairman of the County Court. If this be invalid, the court should have simply quashed it, as what further steps may be taken in that event to assess, if liable, it is not necessary to discuss or decide.

By the law as it existed when this assessment was made, it was the duty of the officer assessing property for State and county taxation, "to assess the property to the person owning or claiming to own the same, on the 10th of January of the year for which the

assessment is made, if known, if not, then to unknown owners": See Rev. Acts, App. to Code, sec. 583 *a*, sub-sec. 4.

The act of 1879, for the "more rigid collection of the revenues," section 1, makes all collectors of taxes and assessors "to assess all property which by mistake of facts, has not been assessed," and then makes it the duty of such collectors in all cases where property has not been assessed, but on which taxes ought to be paid by law, to assess the same and proceed to collect the taxes, etc.

This means only that the collector shall do what ought to have been done at the period fixed by law, and assess the property as it ought then to have been assessed. We do not say that the assessment would be void to the present owner, as it could make but little difference if properly assessed, the taxes becoming a lien on the property, but that the property, as it then existed, and at value then, is what is intended.

It appears clearly, in this case, the road-bed did not exist in this county, and the franchise to operate a road was of but little value probably, at this period. The property assessed has been made since, and the value added by labor and expenditure of money. This property goes into the assessment of the next year, but cannot be added for taxation for the year 1882. It would make an inequality of taxation in many cases, not intended by the Legislature. The property of all other owners is assessed at value on the 10th of January. In many cases valuable improvements may have been made, adding double or thribble

to its value during the year, yet there could be no increase or change of assessment in such a case. Why should this company be taxed on a different principle, when it did not own the property on the 10th of January, 1882, therefore in no default? No reason appears. No increase of value in this way is directed by the statute, and none can be allowed.

We need not discuss other questions, as the *certiorari* was the proper remedy in such cases, perhaps the only one.

We but add, that the probability is that the mode of assessment provided by the Legislature, after the decision in "the *Chattanooga* case, would be the only mode of assessing the road-bed and what is known as the distributable property, by the law of the State. It is, however, only necessary to decide that the assessment now before us is invalid and not according to law, and the petition had merits in its statement of facts. The court erred in dismissing it, the judgment will be reversed and case remanded to be proceeded with under this opinion, with costs.